UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES REICHERT, and<br>JAMES REICHERT VENTURE LIMITED<br>PARTNERSHIP, an Illinois limited partnership,<br><br>    Plaintiffs,<br><br>    v.<br><br>HOMER GONZALEZ, BLUE HILL VENTURES,<br>LLC, a Texas limited liability company, and GO<br>LIHO WHAM, LLC, a Texas limited liability<br>company,<br><br>    Defendants. | Case No. 3:23-cv-03151-JPG |

## MEMORANDUM AND ORDER

On September 19, 2023, the Plaintiffs filed an initial complaint against the Defendants. (Doc. 1). On October 25, 2023, counsel appeared on behalf of the Defendants, (Doc. 18), and filed a response. (Doc. 19). Because the Defendants have already appeared and served an answer, Plaintiffs are not entitled to voluntary dismissal; therefore, the stipulation is invalid. Regardless, the Plaintiffs have manifested an intent to dismiss and the Defendants also seek dismissal. Therefore, the Court **DISMISSES** this case without prejudice.

A plaintiff may dismiss their case voluntarily. Fed. R. Civ. Pro. 41(a)(1)(A) (FRCP). However, if a defendant has served an answer or made a motion for summary judgment, then a plaintiff may only voluntarily dismiss if the purported stipulation is signed by all parties who have appeared. FRCP 41(a)(1)(A)(i)-(ii). A stipulation that is not signed by all parties is invalid and ineffective. *Mut. Assignment & Indemnification Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 860 (7th Cir. 2004).

Alternatively, a plaintiff may unilaterally request dismissal by court order, regardless of whether defendants have responded. FRCP 41(a)(2). A court may interpret an invalid stipulation of dismissal as a de facto request for court ordered dismissal. So long as the defendant has not objected to dismissal and filed a counterclaim, the court may order dismissal. *Id.*

Here, the Plaintiffs have submitted a stipulation of dismissal pursuant to FRCP 41(a)(1), but the Defendants have already appeared and answered. Consequently, the Plaintiffs' stipulation required the signature of all parties. Because the stipulation was not signed by all parties, the Plaintiffs' stipulation is invalid and not effective. There are currently no pending counterclaims and, as the Defendants have moved to dismiss the case for lack of jurisdiction, the Court does not believe the Defendants would object to dismissal. Accordingly, the Court sees no reason to withhold dismissal.

## CONCLUSION

The Court **DISMISSES** this case without prejudice.

**IT IS SO ORDERED.**
**DATED:  November 16, 2023**

*s/ J. Phil Gilbert*_____
**J. PHIL GILBERT**
**DISTRICT JUDGE**